# Court of Appeals
# of the State of Georgia

ATLANTA,   August 12, 2015

*The Court of Appeals hereby passes the following order:*

**A15A2102. CITY OF BRUNSWICK et al. v. GARY COOK.**

Gary Cook filed this action against the City of Brunswick and Florence Dees, as Tax Commissioner of Glynn County, Georgia, alleging generally that the City and County were funneling the City's tax and waste management payments to the tax commissioner personally. The City and tax commissioner filed a motion to dismiss the complaint, arguing that their actions are permissible. The trial court denied the motion, and the City and tax commissioner filed this direct appeal from that order. We, however, lack jurisdiction.

The denial of a motion to dismiss is ordinarily an interlocutory order, the appeal of which must comply with the interlocutory appeal procedure.  See OCGA § 5-6-34 (b). The City and tax commissioner assert that they are entitled to directly appeal the trial court's ruling under *Board of Regents v. Canas*,  295 Ga. App. 505 (672 SE2d 471) (2009).  In *Canas*, we held that the collateral order doctrine permits a direct appeal from an order "that denies a motion to dismiss, based on a conclusive determination that the State (or a state officer or employee) is not immune from suit on the basis of sovereign immunity." Id. at 507 (1). Our decision hinged on the principle that "sovereign immunity is an immunity from suit, rather than a mere defense to liability, and is effectively lost if a case is erroneously permitted to go to trial." (Citation omitted.)  Id. Under *Canas*, therefore, a governmental entity can file a direct appeal from an order that conclusively rejects a sovereign immunity defense.

In this case, the trial court has not made such a conclusive determination. To the contrary, the court found that dismissal was not appropriate because taxpayers have a right to prevent the county commissioners from making contracts which they

had no authority to make. Under these circumstances, *Canas* and the collateral order doctrine are inapplicable, and the City and tax commissioner were required to comply with the interlocutory appeal procedure of OCGA § 5-6-34 (b) to appeal the trial court's order. Their failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*_____08/12/2015_____
   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*